IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| SOO LINE RAILROAD COMPANY ) | |
| d/b/a CANADIAN PACIFIC RAILWAY, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v.     ) | Civil Action No. 1:08-cv-1813 |
| ) | |
| BROTHERHOOD OF MAINTENANCE OF WAY ) | Judge Der-Yeghiayan |
| EMPLOYES DIVISION OF THE INTERNATIONAL ) | Magistrate Judge Cox |
| BROTHERHOOD OF TEAMSTERS, ) | |
| ) | |
| *Defendant.* ) | |

_____ )

## INITIAL STATUS REPORT

This is the joint Initial Status Report of plaintiff Soo Line Railroad Company d/b/a Canadian Pacific Railway ("Soo") and defendant Brotherhood of Maintenance of Way Employes Division of the International Brotherhood of Teamsters ("BMWED"). The initial status hearing in this civil action has been set for June 19, 2008.

Preliminarily, the parties wish to advise the Court that as of this date, the only pleading on file is Soo's Complaint. By Order entered on May 28, 2008, the Court granted defendant BMWED's unopposed motion for an extension of time, until June 17, 2008, in which to file its Answer or otherwise respond to the Complaint. BMWED intends to file a motion to dismiss this civil action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), on or before June 17, 2008.

The parties' attorneys of record are:

(a)  For plaintiff Soo:  James S. Whitehead, Patrick S. Casey, Jeffrey S. Berlin (lead trial counsel), and Mark E. Martin.

(b) For defendant BMWED:  Richard S. Edelman (lead trial counsel), William L. Phillips, and William A. Bon.

1.      The Complaint alleges that Soo, a railroad, and BMWED, a labor union representing certain employees of Soo, are currently engaged in negotiations over the parties' proposals for changes in their existing labor agreements, pursuant to the Railway Labor Act, 45 U.S.C. §151 *et seq*. ("RLA"); that these negotiations are in mediation under the auspices of the National Mediation Board ("NMB"), a federal agency established by the RLA; and that the RLA accordingly prohibits each party from resorting to coercive self-help – in BMWED's case, a strike or other job action – in an effort to force acceptance of its bargaining proposals.  Soo alleges, on information and belief, that BMWED intends to strike Soo or use other unlawful self-help against Soo, seeking to put economic pressure on Soo in order to force the railroad to accede to the demands made in the union's initial bargaining notice and subsequent negotiating proposals.  BMWED will respond to the complaint by moving for dismissal for lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1); the basis for the motion will be an assertion of lack of an actual case or controversy and absence of a dispute ripe for adjudication. If that motion is denied, BMWED will consider a counterclaim.

2.      Plaintiff Soo seeks relief in the form of a judgment declaring that BMWED's exercise of self-help, while the parties' negotiations are in mediation before the NMB, violates BMWED's obligations under Sections 2 First, 5 First, 6, and 10 of the RLA, 45 U.S.C. §§ 152 First, 155 First, 156, and 160.  Soo also seeks a permanent injunction enjoining BMWED from striking, picketing, engaging in a work stoppage or slowdown, or otherwise exercising coercive self-help against Soo in connection with the parties' bargaining disputes.

3.      There are no parties that have not been served.

4.     Plaintiff Soo does not believe that the fundamental legal principle its Complaint seeks to enforce – the obligation of the parties, under the RLA, to maintain the status quo while their bargaining proposals are in mediation – is a matter of dispute.

Defendant BMWED states that it will assert that the Court does not have jurisdiction over plaintiff Soo's Complaint because the Complaint does not involve an actual case or controversy concerning the legal issues advanced in Soo's Complaint so it is not ripe for adjudication as required by Article III of the Constitution.

5.     Because BMWED has not yet filed an Answer, plaintiff Soo does not know whether BMWED will deny any of the factual allegations of the Complaint.  BMWED states that, in support of its anticipated motion to dismiss, BMWED will assert that it has not engaged in any activity or made any threats to violate the RLA or in violation of the RLA.

6.     There are no pending motions.  As noted, in accordance with the Court's order extending BMWED's time to answer or otherwise plead in response to Soo's Complaint until June 17, 2008, BMWED will be filing a motion for dismissal under Fed. R. Civ. P. 12(b)(1).  (Because BMWED will be filing a motion to dismiss for lack of subject matter jurisdiction, the parties have not filed a joint jurisdictional status report since the Court's standing Order on such reports states that one is not to be filed if defendant will contest subject matter jurisdiction).

7.     There has been no discovery requested or exchanged.

8.     Because defendant BMWED has not filed an Answer and plaintiff Soo cannot determine which allegations of its Complaint may be controverted, plaintiff cannot determine the types of discovery, if any, that might be appropriate.  Moreover, if defendant BMWED's anticipated motion to dismiss should be denied and BMWED should elect to file a

counterclaim as well as an Answer, both parties would need to determine which fact issues are in dispute and would appropriately be the subjects of discovery.

9.     The parties suggest that in the event that BMWED's anticipated motion to dismiss is denied, the Court may wish to hold an additional status hearing approximately 14 days after BMWED's filing of its Answer (and possible counterclaim), for the purpose of determining a schedule for discovery and trial.   Alternatively, the parties provisionally propose that, in the event BMWED's motion to dismiss is denied, Rule 26(a)(1) disclosures should be due 14 days after the filing of BMWED's Answer (and possible counterclaim); and that discovery (except for expert discovery) be completed 90 days after the filing of the Answer (and possible counter-claim).   The parties cannot know at this stage whether expert testimony will be required, but if there is to be expert testimony, the expert reports should be due 120 days after the filing of the Answer (and possible counterclaim) and expert discovery should be completed 150 days after the filing of the Answer.   Dispositive motions should be due 180 days after the filing of the Answer (and possible counterclaim).   The filing of a final pretrial order should be set for 240 days after the filing of the Answer (and possible counterclaim).

10.     The parties consider it likely that dispositive motions will be filed. However, if this case does go to trial, it should be ready for trial 180 days after the close of discovery.

11.     As defendant BMWED has not filed its Answer or other pleading, it is not possible for the parties to give a precise estimate of the duration of a trial.   However, the parties assume that if the civil action does go to trial, a trial would require three to five days.

12.     There has not been a request for a jury trial.

13.     There have not been settlement discussions.

14.     The parties do not consent to proceed before a Magistrate Judge.

Respectfully submitted,

/s/ Richard S. Edelman

_____
Richard S. Edelman
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W., Suite 1200
Washington, D.C.  20005
Telephone: (202) 898-1707
Facsimile: (202) 682-9276
REdelman@odsalaw.com

William L. Phillips
100 N. LaSalle St., Suite 1605
Chicago, Illinois  60602
Telephone:  (847) 644-1901
Facsimile: (312) 332-9595
bill@wlphillips.com

Of Counsel:
William A. Bon
General Counsel
Brotherhood of Maintenance of Way
Employes Division/IBT
20300 Civic Center Drive, Suite 320
Southfield, Michigan 48076-4169
(248) 948-1010

*Attorneys for Defendant Brotherhood of
Maintenance of Way Employes Division/IBT*

/s/ James S. Whitehead

_____
James S. Whitehead
Patrick S. Casey
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Jeffrey S. Berlin
Mark E. Martin
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8178

*Attorneys for Plaintiff Soo Line Railroad
Company*