IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOO LINE RAILROAD COMPANY<br>d/b/a CANADIAN PACIFIC RAILWAY,<br><br>*Plaintiff,*<br><br>v.<br><br>BROTHERHOOD OF MAINTENANCE OF WAY<br>EMPLOYES DIVISION OF THE INTERNATIONAL<br>BROTHERHOOD OF TEAMSTERS,<br><br>*Defendant.* | Civil Action No. 08 CV 1813<br><br>Judge Der-Yeghiayan<br>Magistrate Judge Cox |

**UNOPPOSED MOTION OF PLAINTIFF SOO LINE RAILROAD COMPANY FOR AN ORDER HOLDING THE RECORD OPEN ON DEFENDANT'S MOTION TO DISMISS PENDING THE DEPOSITION OF THIRD-PARTY WITNESS GORDON E. SMITH AND ALLOWING THE FILING OF SUPPLEMENTAL MEMORANDA**

Plaintiff Soo Line Railroad Company ("Soo") hereby moves the Court for an Order (i) holding the record open and deferring any ruling on the Rule 12(b)(1) motion to dismiss of defendant Brotherhood of Maintenance of Way Employes ("BMWED") for 21 days after the discovery deposition of third-party witness Gordon E. Smith; and (ii) granting the parties leave to file supplemental memoranda addressing factual issues raised by or pertaining to Mr. Smith's testimony within 21 days after the taking of his deposition.

Counsel for BMWED has authorized Soo to state that BMWED does not oppose the grant of this Motion.

In support of this Motion, Soo states as follows:

1. Soo filed its Verified Complaint in this civil action on March 28, 2008.

2. BMWED filed its motion to dismiss on June 17, 2008.

3. The Court held a status conference on June 19, 2008, set a briefing schedule for BMWED's motion, and set another status conference for August 27, 2008.

4. Soo filed its Memorandum in opposition to the motion to dismiss on July 14, 2008, and BMWED filed its reply brief on July 28, 2008.

5. The purpose of Soo's request that the Court hold the record open and defer ruling on BMWED's Rule 12(b)(1) motion is to make possible the determination by the Court of a material issue of fact that is pertinent to its consideration of that motion. Mr. Smith, the deponent, is a General Chairman of the American Train Dispatchers Association ("ATDA"), a labor union that represents the train dispatchers employed by Soo. Neither Mr. Smith nor ATDA is a party to this civil action.

6. BMWED submitted a Declaration executed by Mr. Smith as an exhibit to BMWED's reply brief in support of the motion to dismiss. That declaration was the only evidence proffered by BMWED in response to the Declaration of Cathryn Frankenberg, which Soo submitted in support of its Memorandum in opposition to the motion to dismiss and which set forth in some detail the facts that Soo contends demonstrate the existence of a case or controversy.

7. The evidentiary record before the Court, to date, consists of the following:

    A. Soo's Verified Complaint.

    B. The June 13, 2008 Declaration of Mark S. Wimmer, a General Chairman of BMWED, submitted by BMWED with its motion to dismiss. Mr. Wimmer does not, in his declaration, mention Mr. Smith or any other officials of other labor unions; nor does he address the issue of whether BMWED has been communicating with its employees or other unions concerning its intention to strike, as Soo contends.

C. The July 14, 2008 Declaration of Ms. Frankenberg, Assistant Vice President Labor Relations and Human Resources-US for Soo's parent, Canadian Pacific Railway Company. In Paragraph 18 of her Declaration, Ms. Frankenberg states:

> Events since the filing of the Complaint in this civil action have only confirmed that the parties' dispute is real:
>
> \*      \*      \*
>
> (iii)  Members of my staff continue to receive feedback from officials from other unions regarding their hearing that BMWED is planning a job action against Soo. These include communications from a General Chairman for the American Train Dispatchers Association who represents Soo employees and from a local union official from a union that represents employees on the Delaware and Hudson Railway Company, an affiliate of Soo.

D. The July 25, 2008 Declaration of Mr. Smith, submitted by BMWED. In paragraph 3 of his Declaration, Mr. Smith quotes from Paragraph 18(iii) of Ms. Frankenberg's Declaration, and in Paragraph 4, Mr. Smith states:

> As the ATDA General Chairman for Soo Train Dispatchers, I categorically deny the statement made by Ms. Frankenberg in her declaration at p. 6 paragraph 18(iii); and I state that I did not speak to Ms. Frankenberg, or any member of her staff, or provide "feedback" to her or any member of her staff, saying that BMWED was or is planning a strike or other job action against Soo. I further state that there is no other ATDA General Chairman who represents Soo employees.

8. BMWED evidently intended, through the declaration testimony of Mr. Smith, to dispute Ms. Frankenberg's testimony to the effect that members of her staff had heard from officials of other unions, including a General Chairman of ATDA (this would be Mr. Smith), about *those officials'* having heard that BMWED was planning a job action (*e.g*., a strike) against Soo. Mr. Smith's declaration testimony does not, however, squarely controvert what Ms. Frankenberg said. Mr. Smith denied having said that BMWED "was or is planning a strike or other job action against Soo," but he did not deny saying that he had *heard* from other Soo

- - 3 - -

employees that BMWED was planning to conduct a job action against Soo; nor did he deny that word was spreading that BMWED was planning to do so. Because what Mr. Smith had heard about BMWED's intentions, and what he said to Soo, are unquestionably material to the parties' arguments in connection with BMWED's motion to dismiss, the discovery deposition of Mr. Smith -- to which BMWED does not object -- is certainly appropriate. (Soo is, of course, prepared to present its own direct evidence regarding the statements that were made by Mr. Smith to a member of Ms. Frankenberg's staff. However, the logical first step is to determine just what Mr. Smith himself will say on this subject at deposition.)

9. If, as Soo contends, Mr. Smith learned from train dispatchers whom he represents that employees possessed information about an intended BMWED strike, and if he in turn relayed this information to Soo, this fact would constitute specific documentation of one of the facts on which Soo has relied as demonstrating the existence of a case or controversy.

10. Counsel for Soo conferred by telephone with counsel for BMWED on August 8, 2008, and has been authorized to represent that BMWED does not oppose the grant of this Motion. In addition, counsel for the parties also agree that, following the taking of Mr. Smith's deposition, it may be expected that supplemental memoranda, addressing factual issues raised by or pertaining to his testimony, will be useful to the Court in its consideration of the pending Rule 12(b)(1) motion.

11. Counsel for Soo has prepared and will be serving a subpoena requiring Mr. Smith's attendance at deposition. Counsel for the parties are working together to determine mutually acceptable dates and expect that the deposition can be held no later than September 12, 2008. Because Soo requests (i) that the Court hold the record open and defer ruling on BMWED's motion to dismiss for 21 days following the date of Mr. Smith's deposition and (ii)

that the Court grant the parties leave to submit any supplemental memoranda concerning the issues raised by or pertaining to Mr. Smith's testimony within 21 days of that deposition, Soo will advise the Court of the date on which the deposition has been taken.

WHEREFORE, Plaintiff Soo Line Railroad Company hereby moves the Court for an Order (i) holding the record open and deferring any ruling upon BMWED's Rule 12(b)(1) motion to dismiss for 21 days after the discovery deposition of Gordon E. Smith and (ii) granting the parties leave to file supplemental memoranda addressing factual issues raised by or pertaining to Ms. Smith's testimony within 21 days of that deposition.

Date: August 8, 2008

                Respectfully submitted,

                s/ James S. Whitehead
                James S. Whitehead
                Patrick S. Casey
                SIDLEY AUSTIN LLP
                One South Dearborn Street
                Chicago, Illinois  60603
                (312) 853-7000

                Jeffrey S. Berlin
                Mark E. Martin
                SIDLEY AUSTIN LLP
                1501 K Street, N.W.
                Washington, D.C.  20005
                (202) 736-8178

                *Attorneys for Plaintiff Soo Line Railroad Company*

## CERTIFICATE OF SERVICE

James S. Whitehead, one of the attorneys for Plaintiff, hereby certifies that service of the attached was accomplished pursuant to the ECF system on:

William L. Phillips

and by United States mail, first-class postage prepaid on:

| | |
|---|---|
| Richard S. Edelman | William A. Bon |
| O'Donnell, Schwartz & Anderson, P.C. | General Counsel |
| 1300 L Street, N.W., Suite 1200 | Brotherhood of Maintenance of Way |
| Washington, D.C. 20005 | Employes Division/IBT |
| | 20300 Civic Center Drive, Suite 320 |
| | Southfield, MI 48076-4169 |

on August 8, 2008

s/ James S. Whitehead