IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOO LINE RAILROAD CO.<br>d/b/a CANADIAN PACIFIC RAILWAY<br><br>    Plaintiff,<br><br>    v.<br><br>BROTHERHOOD OF MAINTENANCE OF WAY<br>EMPLOYES DIVISION OF THE INTERNATIONAL<br>BROTHERHOOD OF TEAMSTERS<br><br>    Defendant. | Civil Action No. 08-CV-1813<br>Judge Der-Yeghiayan<br>Magistrate Judge Cox |

**RESPONSE OF BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES
DIVISION/IBT TO SOO LINE MOTION FOR ORDER
HOLDING THE RECORD OPEN ON BMWED'S MOTION TO DISMISS**

**INTRODUCTION**

As is stated in the motion of plaintiff Soo Line Railroad Co. ("Soo") for an order holding the record open on the motion of defendant Brotherhood of Maintenance of Way Employes Division/IBT ("BMWED") for dismissal of the complaint in this case, BMWED does not object to that motion. However, BMWED does object to Soo's effort by that motion to attempt a surreply in response to BMWED's reply brief, and disagrees with the content of the surreply.

Soo made known its intention to seek an order holding the record open pending a deposition of Gordon Smith who provided a declaration that BMWED submitted with its reply brief. BMWED did not oppose such a deposition, saw no disadvantage to deferral of a decision pending the deposition, and determined that it would be neither efficient nor productive to engage in unnecessary litigation over Soo's request. However, BMWED did not thereby agree to certain

1

assertions made in Soos's motion, or to Soo's submission of additional arguments on the motion to dismiss.

In particular, BMWED wants to be clear that it does not agree with Soo's assertion (motion ¶5) that Mr. Smiths's declaration gave rise to a "material issue of fact that is pertinent to" consideration of BMWED's motion; actually, Mr. Smith's declaration was referenced in footnote 3 of BMWED's reply following BMWED's observation that since Soo has the burden of proof, it was not necessary for BMWED to refute Soo's unsubstantiated claims. BMWED also denies Soo's assertion that the Declaration of Cathryn Frankenberg "set forth in some detail the facts that Soo contends demonstrate the existence of a case or controversy" (motion ¶6); actually, BMWED contended that Ms. Frankenberg provided no details and no facts in support of Soo's claims (BMWED reply at 1-2, 8). Furthermore, BMWED objects to Soo's use of its motion to submit additional arguments on BMWED's motion to dismiss. Paragraphs 8 and 9 of Soo's motion are really just an attempt to offer a rebuttal to Mr. Smith's declaration by implying that his refutation of the one affirmative statement attributed to him was not a denial of other things that Soo had alleged, and that some other Soo witness could provide direct evidence in support of Soo's other allegations (although Soo did not offer a declaration of that witness, if any, along with Soo's opposition to BMWED's motion to dismiss). Moreover, BMWED does not agree with the assertion (motion ¶¶8,9) that if Soo somehow provides testimony that some Soo official heard from Mr Smith or someone else that some unnamed person told some other unnamed person that BMWED intended to strike (or that word around the property was that BMWED intended to strike), then Soo would have specific documentation of its allegations demonstrating the existence of a case or controversy.  All Soo would have is hearsay on top of hearsay based on unknown sources and local gossip.

In short, Soo sought to depose Mr. Smith following submission of his declaration and to seek deferral of a decision on BMWED's motion until after that deposition and after possible additional briefing following the deposition. BMWED saw no reason to object to the deposition of Mr. Smith and chose not to object to deferral of a decision on BMWED's motion pending the deposition or to possible additional briefing based on that deposition. That was all that BMWED agreed to and that was all that Soo's motion needed to say. BMWED did not agree to anything else; and BMWED denies the additional arguments on the motion to dismiss that were provided in Soo's motion.

                                    Respectfully submitted,

| Of Counsel: | Richard S. Edelman |
|---|---|
| William A. Bon, Esq. | O'Donnell, Schwartz & Anderson, P.C. |
| General Counsel | 1300 L Street, N.W., Suite 1200 |
| Brotherhood of Maintenance | Washington, DC 20005 |
| Of Way Employes Division/IBT | Telephone: (202) 898-1707 |
| 20300 Civic Center Dr. # 320 | Facsimile: (202) 682-9726 |
| Southfield, MI 48076-4169 | REdelman@odsalaw.com |
| (248) 948-1010 | |
| | s/ William L. Phillips |
| | William L. Phillips |
| | Attorney at Law |
| | 100 N. LaSalle St. Suite 1605 |
| | Chicago, IL 60602 |
| | Telephone: (847) 644-1901 |
| | Facsimile: (312) 332-9595 |
| August 12, 2008 | bill@wlphillips.com |

Attorneys for Plaintiff Brotherhood of Maintenance of Way Employes Division/IBT

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2008, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this document through the Court's system.

                                                                                                                                                                   s/ William L. Phillips